UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCU-TECH CORPORATION, CONTI
ELECTRIC, INC., MULTIMEDIA
COMMUNICATION SERVICES,
STANDARD COMMUNICATIONS
CORPORATION, and LEARNING
CONSULTANTS, INC.,

  Cross-Plaintiffs,

vs.

Case No. 03-71027
HONORABLE VICTORIA A. ROBERTS

DETROIT PUBLIC SCHOOLS,

  Cross-Defendant,

and

LEARNING CONSULTANTS, INC.,

  Cross-Plaintiff,

vs.

HIRAM JACKSON, individually, GLOBAL
VIEW TECHNOLOGIES, LLC,
DTE ENERGY COMPANY, DTE
ENERGY SOLUTIONS, INC.,
DETROIT PUBLIC SCHOOLS and
OAKBROOK AGENCY, INC.,

  Cross-Defendants.
_____/

**ORDER OF PARTIAL DISMISSAL**

**I. INTRODUCTION**

  This matter is before the Court on Cross-Defendant Hiram Jackson's Motion for Summary Judgment [Doc. 243]. Also pending is Cross-Plaintiff Learning Consultants Inc.'s Motion for Entry or Reinstatement of Entry of Default as to Hiram Jackson and

Entry of Default Judgment as to Hiram Jackson, Oakbrook Agency, Inc. and Global View Technologies, Inc. and to Dismiss Without Prejudice (for lack of subject matter jurisdiction) [Doc. 244]. For the reasons stated, the Court DISMISSES the Cross Claim in its entirety, without prejudice, because the Court declines to exercise supplemental jurisdiction over the state law claims. The Court also VACATES entry of default against Global View Technologies, LLC and Oakbrook Agency, Inc. Cross-Defendant Jackson's Motion for Summary Judgment is MOOT.

## II. BACKGROUND

On February 13, 2003, Liberty Mutual Insurance Company ("Liberty Mutual") filed an Interpleader Complaint seeking judicial determination on claimants' entitlement to the proceeds of a construction payment bond of $ 5,000,000.00. The complaint is based on diversity of citizenship.

On May 26, 2004, Learning Consultants, Inc. ("Cross-Plaintiff"), one of the claimants alleging an interest in the payment bond proceeds, filed a cross claim against Hiram Jackson, Global View Technologies, DTE Energy, DTE Energy Solutions, the Detroit Public Schools, and Oakbrook Agency. The cross-claim alleges the following state law claims: breach of contract, fraud, intentional interference with a business advantage, and civil conspiracy. The cross-claim also alleges federal claims under 42 U.S.C. § 1983 and 14th Amendment equal protection against the Detroit Public Schools.

The Court dismissed Cross-Plaintiff's claims against the Detroit Public Schools on July 26, 2004. Cross-Plaintiff and Cross-Defendants DTE Energy Company and DTE Energy Solutions, Inc. stipulated to dismissal of the cross-complaint without prejudice in December 2004.

On October 4, 2004, the Clerk of the Court issued defaults against Hiram Jackson [Doc. 232], Global View Technologies, LLC and Oakbrook Agency, Inc.  The Court removed the entry of default against Hiram Jackson only on October 28, 2004, upon stipulation of the parties.  Therefore, the cross-complaint now pending is only against Cross-Defendant Hiram Jackson.  Defaults remain against Global View Technologies and Oakbrook Agency.

### III.   APPLICABLE LAW AND ANALYSIS

A.   Jurisdiction

Cross-Plaintiff LCI seeks dismissal of the complaint without prejudice for lack of subject matter jurisdiction.  Cross-Defendant Jackson opines that federal question jurisdiction exists because Cross-Plaintiff pleads claims under 42 U.S.C. § 1983 and the 14th Amendment, and urges the Court to retain jurisdiction based on its "familiarity with the case and judicial economy."  Jackson Resp. at p. 8.  Cross-Defendant Jackson's arguments are unpersuasive.[1]

Indeed, Cross-Plaintiff conceded "there is not [sic] federal question or diversity jurisdiction between LCI, Jackson and DTE."  Cross-Pl. Mo. at p. 3.  Additionally, the text of Cross-Plaintiff's federal claim asserts an action only against the Detroit Public Schools.  Those claims were dismissed in July 2004.  Therefore, no federal claims remain in the cross complaint.

The Court declines to retain jurisdiction based on its "familiarity with the case and

---

[1] It is uncontested that the parties are all Michigan entities and not diverse.  *See* Cross-Cmplt at ¶¶ 1-2 (LCI is "a Michigan corporation"; "[Cross-]Defendants are corporate entities, public or private, or individuals located, or doing business in, [sic] Michigan."

judicial economy." First, the Court's familiarity with the cross-complaint is minimal. No decision has occurred on the merits of those claims; only procedural fencing on the entries of default and motions to dismiss have been before the Court. Second, given that the related claims against DTE were dismissed without prejudice and LCI asserts that those claims will be refiled in state court, the interest of judicial economy weighs against this Court retaining jurisdiction over the cross-complaint. Third, the facts and legal analysis relating to the resolution of the payment bond issue and cross-complaint are insufficiently similar to demand that this Court retain jurisdiction of the cross-complaint. The cross-claims and distribution of the payment bond are not part of the same case or controversy.

When federal claims are dismissed, there is a strong presumption that a district court should dismiss supplemental state claims. *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). This presumption can only be overcome in "unusual circumstances" such as prejudice arising out of relegating the case to the state court. *Id.* Cross-Defendant Jackson articulates no unusual circumstances. Accordingly, Cross-Plaintiff's state law claims are dismissed without prejudice.

  B. Entry of Default

Cross-Plaintiff LCI also seeks entries of judgment of default against Cross-Defendants Global View Technologies, LLC and Oakbrook Agency, Inc. The Court DENIES this motion and *sua sponte* VACATES the entries of default because the Court declines to exercise supplemental jurisdiction over Cross-Plaintiff LCI's state law claims. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (upholding *sua sponte* vacation of entry of default for good cause shown).

"The district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distributing, Inc., v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003) (internal citations omitted). "The criteria used to determine whether 'good cause' has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.* Generally, two of the three factors must be demonstrated to set aside an entry of default. *Id.* (*citing Shepard Claims Servs., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986)).

There is no evidence that the default was or was not willful. However, Cross-Plaintiff would not be prejudiced by setting aside the default because the claim, along with the non-defaulted claims against Jackson and DTE, will be re-filed in state court. Indeed, judicial economy and efficiency would support all judgments, default or otherwise, related to this matter be in entered by one court.

Additionally, given that the claims filed against Global View Technologies and Oakbrook Agency are purely based in state law and identical to those filed against Cross-Defendants Jackson and DTE, a challenge to this Court's subject matter jurisdiction to adjudicate those claims would be meritorious, discussed *supra*. Federal question jurisdiction ceased with the dismissal of Cross-Plaintiff LCI's federal claims against the Detroit Public Schools in July 2004. From that time forward, the Court's jurisdiction over Cross-Plaintiff LCI's claims was discretionary. As noted, *supra*, there is a strong presumption that when federal claims are dismissed, supplemental state law claims should also be dismissed absent a showing of unusual circumstances. No such

circumstances have been presented. Good cause exists to vacate the Clerk's entry of default against Global View Technologies and Oakbrook Agency because the Court declines to exercise supplemental jurisdiction over Cross-Plaintiff LCI's state law claims. *See generally Golden v. National Finance Adjuster*, 555 F.Supp. 42, 45 (E.D. Mich. 1982) (lack of subject matter jurisdiction sufficient good cause shown to vacate entry of default pursuant to F.R.C.P. 55(c)). Therefore, the Court VACATES the Clerk's Entry of Default as to Global View Technologies, LLC and Oakbrook Agency, Inc. and DENIES Cross-Plaintiff's Motion for Entry of Default Judgment.

## IV.   CONCLUSION

For the reasons stated, the Court DISMISSES the Cross Claim in its entirety, without prejudice, because the Court declines to exercise supplemental jurisdiction over LCI's state law claims. The Court also VACATES entry of default against Global View Technologies, LLC and Oakbrook Agency, Inc. Cross-Defendant Jackson's Motion for Summary Judgment is MOOT.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated:  June 7, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 7, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**